IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | Case No. 23-cr-00229-CJN |
| | * | |
| **TAYLOR TARANTO**, | * | |
| **Defendant** | * | |
| | * | |

ooOoo

**TAYLOR TARANTO'S MOTION FOR THE PROMPT RETURN
OF HIS PERSONAL PROPERTY**

Taylor Taranto, by his undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 41(g) and the due process clause, to direct the government to return to him promptly the van and other personal property seized from him, which are not contraband and no longer needed as evidence.

**A.    Mr. Taranto Needs the Van Promptly to Travel Back Home with His Family**

1.    Since May 5, 2025, Mr. Taranto, through undersigned counsel, has sought the return of his van so that Mrs. Taranto could drive it back to Washington state after her attendance at the trial, regardless of the outcome of the trial. While the government at first rejected the request, on May 14, 2025, it stated that it would agree to return the van. As of this date, the government has yet to return the van or state a date certain when it will return the van. The family needs the van to travel back to their home and take a family vacation with their children.

2.    [I]t is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner." *United States v. Wilson*, 540 F.2d 1100, 1103 (D.C. Cir. 1976). Once the need for the property has ended, a district court "has both the jurisdiction and the duty to return the contested

property . . . regardless and independently of the validity or invalidity of the underlying search and seizure." *Id.* at 1103-04; see also FED. R. CRIM. PROC. 41(g).[1]

3. As the Court is aware, on June 29, 2023 and thereafter, the government seized a van and other personal property from Mr. Taranto.

4. The van is not contraband and the government did not seek to introduce the van itself at the trial of this case. Instead, at trial, the government introduced videos and images of the van and its contents; or introduced testimony regarding both.

5. The government has provided various explanations and excuses why it needs more time to return the van. Despite various requests for a date certain, the government has declined to state a date when it will be able to return the van.

6. Notably, in December 2023, when the government itself sought to have Mrs. Taranto pickup the van it stated that it only needed 24-hour notice to make the van available for Mrs. Taranto to be able to pick up the van from the location where the government was holding it.[2]

---

[1] (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property *or by the deprivation of property* may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Rule 41(g) (emphasis added).

[2] While Mrs. Taranto was not able to pick up the van at the time, FBI agents indicated that they only required 24-hour notice to return the van. The communications concerning the return of the van were exchanged via emails and texts by FBI S/A Nestoryak with the Assistant Federal Defender then representing Mr. Taranto and Mrs. Taranto. Counsel has sent copies of the messages to government counsel contemporaneously with the filing of the instant motion.

2

7. The family urgently needs the van so that they may obtain possession of the van and make any necessary repairs while they are still on the East Coast. They need to use the van to return home to Washington state with their children as well as to take a family camping vacation with their children. It would be cost-prohibitive for the family to have to fly back home instead of driving and then have to fly back to DC to obtain the van.

**B.     Additional Personal Property Should Also Be Returned Promptly**

8. Upon seizing the van on June 29, 2023, the government also seized additional personal property including items of clothing and toiletries, vitamins and dietary supplements, a guitar and other musical implements, telephones, laptops, and other electronic devices and personal property. This property should also be returned.

9. Mr. Taranto requires the vitamins and dietary supplements to maintain his wellness. During his pretrial detention, his lack of access to these dietary supplements have adversely affected his health and well-being.

10. While the parties have not discussed the return of this additional property, Mr. Taranto also seeks return of all his personal property that is not contraband or is not otherwise needed by the government.[3]

11. None of the additional personal property was introduced during the trial. At most, images and videos of the personal property was introduced by stipulation or by operation of the Federal Rules of Evidence.

---

[3] At the trial of this case, the government did not introduce only introduced a few items of tangible evidence to include a camouflage backpack with lock as well as firearms, *i.e.*, two pistols, ammunition, and magazines. Only the firearms can be considered contraband.

12.     Information downloaded from Mr. Taranto's electronic devices was introduced by stipulation or otherwise through application of the federal rules of evidence. The government therefore does not need to retain the electronic devices. *See United States v. GossJankowski*, 669 F. Supp. 3d 1, 6 (D.D.C. 2023) ("pursuant to Rule 41(g), the Court concludes that the government must promptly return to Mr. GossJankowski all six of his electronic devices. These devices are not alleged to be "stolen, contraband, or otherwise forfeitable,").

13.     As Judge Friedman explained:

> [T]here is simply no reason for the government to maintain possession over Mr. GossJankowski's six electronic devices. The government has already made copies of the information on the devices that it may need for trial. . . . As for the government's concern about proving authenticity at trial, . . . under Federal Rules of Evidence, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstance make it unfair to admit the duplicate." FED. R. EVID. 1003. And if a "genuine question is raised" regarding the authenticity of any evidence from Mr. GossJankowski's electronic devices, the government may authenticate the evidence through means that do not require continuing possession of the devices. "[T]he Government can authenticate the contents of [a] phone" by means other than retaining the phone, including by "call[ing] witnesses who can testify that the extracted data was pulled from [the] phone."

*Id.* (internal citations omitted).

14.     Moreover, as to all personal property, including the van, Mr. Taranto has agreed to enter into any necessary stipulations as to their seizure to effectuate their return.

## CONCLUSION

For all the above reasons, Mr. Taranto respectfully requests that the Court Order the Government to return the van to Mr. Taranto promptly on a date certain. With respect to the remaining personal property, the Court should Order the government to return that property without undue delay.

Respectfully submitted,

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served via ECF on all counsel of record this 27th day of May, 2025.

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**